Kennedys CMK LLP.
120 Mountain View Boulevard
Basking Ridge, New Jersey 07920
(908) 605-2916
John.orzel@kennedyslaw.com

*Attorneys for Plaintiff*
SAVINO DEL BENE U.S.A., INC>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SAVINO DEL BENE U.S.A., INC.,**<br>*Plaintiff*<br><br>-   **Against**<br><br>**INTERNATIONAL PAPER SOLUTIONS,**<br>**CO.,**<br>*Defendant* | **COMPLAINT** |

Plaintiff, SAVINO DEL BENE U.S.A., INC., (hereinafter "Savino"), by its attorneys, Kennedys CMK LLP, as and for its Complaint against Defendant, INTERNATIONAL PAPER SOLUTIONS, CO., (hereinafter "International"), alleges upon information and belief that:

1.   This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.

2.   This Honorable Court has an alternative and/or additional basis for jurisdiction under 28 U.S.C. §1331, in that there is complete diversity between the parties and the amount in controversy is greater than $75,000 (seventy-five thousand and no/100), exclusive of interest and costs.

3.   Venue is proper as the parties had entered into an agreement which provided that the sole and exclusive venue for the resolution of disputes shall be the United States District Court for the Southern District of New York, sitting in the Borough of Manhattan.

4.   At all time hereinafter mentioned, Plaintiff Savino was and still is a corporation organized and existing pursuant to the laws of the State of New York, with an office and place of business located at 34 Englehard Avenue, Avenel, New Jersey 07001.

5.   Savino is an international freight forwarder and non-vessel operating common carrier, which was engaged in the arranging of international transportation of cargo by sea for or on behalf of its customers, including Defendant, International.

6.   Upon information and belief, Defendant, International was and still is a corporation organized and existing pursuant to the laws of the State of Michigan, which was and still is engaged in the importation and sale of paper products within and without the United States of America, with an office and place of business located at 1339 Combermer Drive, Troy, Michigan 48083.

7.   On or about August 27, 2019, Savino entered into a Customer Credit Application and Shipping Agreement Terms & Conditions (hereinafter "Credit Application") with International, under which Savino agreed to grant credit in the amount of $50,000 (fifty-thousand and no/100) to International on net 30 payment terms.  [Copy of Credit Application annexed as Exhibit A]

8.   Pursuant to the Credit Application agreement, should Savino institute legal action against International to collect past due amounts, Savino may cancel any credit terms previously extended to International and Savino may recover the expenses of any lawsuit instituted against International, including recovery of Savino's legal fees and expenses and any costs of filing and maintaining the lawsuit.

9.   Pursuant to the Credit Application agreement, International agreed to the exclusive jurisdiction of the United States District Court for the Southern District of New York, sitting in Manhattan, and further unconditionally submitted to the personal jurisdiction of said court and further waived any objection as to lack of personal jurisdiction.

10. Acting as a non-vessel operating common carrier, Savino issued five house bills of lading covering the carriage of five 40-foot intermodal shipping containers from the port of Penang, Malaysia with delivery to International at Detroit, Michigan.  Savino only arranged carriage of the containers after they had been loaded with clean paper products and sealed by International's supplier, Kooka Paper Manufacturing SDN BHD, of Selangor, Malaysia.

11. Once the five 40-foot containers were made available to International at Detroit, International had a set number of free-days in which to accept delivery of the containers, transport the containers from the intermodal container yard to International's location, remove the contents from the containers and then return the containers to the intermodal container yard.

12. International was advised of the number of free-days for each container by Savino and also advised that if International exceed the allowed number of free-days, International would be charged a set amount per container, per day, until the containers were emptied and returned to the intermodal yard.  The daily charge was referred to by Savino as the "per diem" charge.

13. The five house bills of lading with corresponding container numbers were:

   a.  B/L SDBA4S007484, dated May 16, 2020, Container No. CAXU914442

   b.  B/L SDBA4S007499, dated May 16, 2020, Container No. HLBU201445

   c.  B/L SDBA4S007487, dated May 16, 2020, Container No. HBLU106487

   d.  B/L SDBA4S007486, dated May 16, 2020, Container No. TGBU574191

   e.  B/L SDBA4S007485, dated May 16, 2020, Container No. HLXU808441

14. Once the containers were made available for International to receive the cargo at Detroit, International failed to take delivery within the established free-days.  As a result of International's failure to take delivery of the cargo and thereafter return the container as required, International incurred significant per diem and storage charges on the five containers in the amount of $61.255

(sixty-one thousand, two-hundred fifty-five and no/100), none of which has been paid, despite due demand.

15. In an effort to try to minimize the loss through per diem and storage charges that International would have to pay, Savino agreed to arrange storage of the palletized merchandise in a warehouse, on behalf of International. This allowed International to remove the merchandise from the five 40-foot containers and to return the containers to the appropriate intermodal yard location. Savino has billed International $30,050 (thirty-thousand, fifty and no/100) for transportation of the five containers to the storage warehouse and emptying the containers. International has failed to make payment of this amount.

16. The Credit Application agreement entered into between Savino and International provides that Savino shall be entitled to collect interest in the amount of 1.5% per month on all amounts not paid by international within the terms of the Credit Application agreement.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 with the same force and effect as if set forth at length herein.

18. Savino has issued invoices in the amount of $91,305 (ninety-one thousand, three-hundred five and no/100) for services rendered as a non-vessel operating common carrier and for amounts incurred by International in connection with the maritime carriage of five 40-foot shipping containers from Penang, Malaysia to Detroit, Michigan, none of which has been paid, despite due demand. [Annexed hereto as Exhibit B is a copy of Savino's statement to International showing the outstanding invoices and amounts]

19. Under the Credit Application contract entered into between Savino and International, International is required to make prompt payment of all invoices rendered by Savino.

4

20. International has failed to make payment of the invoices rendered by Savino in connection with the carriage of International's cargo from Malaysia to Detroit, in breach of contract.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR INTEREST IN THE AMOUNT OF 1.5% PER MONTH

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 with the same force and effect as if set forth herein at length.

22. The Credit Application agreement entitled Savino to charge interest in the amount of 1.5% per month on all unpaid amounts due and owing by International to Savino.

23. Savino should be awarded interest of 1.5% in addition to any amount awarded by this Court to Savino and against International.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## ATTORNEY FEES AND LEGAL EXPENSES

24.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 with the same force and effect as if set forth herein at length.

25. The Credit Application agreement entered into between Savino and International provides that Savino shall be entitled to recover all collection expenses, including reasonable attorney fees and all costs incurred in connection with legal proceedings instituted to collect unpaid amounts owed by International to Savino.

26. By agreement between Savino and undersigned counsel, should Savino ask the undersigned counsel to institute proceedings in an effort to collect unpaid amounts, undersigned counsel shall be compensated by receiving 30% (thirty percent) of any amounts collected, whether through judgment or through negotiated settlement.

27. The present action seeks to collect unpaid amounts owed by International to Savino and as a result, Savino is entitled to recover all collection expenses, including attorney fees and litigation expenses.

28. Savino is entitled to recover an amount equal to 30% (thirty percent) of any amount awarded to Savino by this Count, in addition to the amount of such judgment, as provided by the governing Credit Application agreement.

WHEREFORE, Plaintiff, SAVINO DEL BENE U.S.A., INC., prays:

    a. That process in due form of law issue against the Defendant, INTERNATIONAL PAPER SOLUTIONS CO, citing the said Defendant to appear and answer under oath all matters alleged in this Complaint;

    b. That judgment be entered in favor of the Plaintiff, SAVINO DEL BENE U.S.A., INC., and against Defendant, INTERNATIONAL PAPER SOLUTIONS CO. in the amount of $91,305;

    c. That in accordance of the governing contract, this Court award interest at the contract rate of 1.5% per month on all amounts due and owing by INTERNATIONAL PAPER SOLUTIONS CO to SAVINO DEL BENE U.S.A., INC.;

    d. That in accordance with the governing contract, this Court award reasonable legal fees in the amount of 30% percent in addition to the amount due and owing to SAVINO DEL BENE U.S.A., INC. by INTERNATIONAL PAPER SOLUTIONS CO.;

    e. That this Court grant such further, different and other relief as the Court deems just and appropriate.

Dated:  West Seneca, New York
         October 19, 2020

                                      KENNEDYS CMK LLP.
                                      *Attorneys for Plaintiff*
                                      SAVINO DEL BENE U.S.A., INC.

                         By:   /s/     JOHN A. ORZEL
                                   JOHN A. ORZEL
                                   120 Mountain View Boulevard
                                   Basking Ridge, New Jersey 07920
                                   Phone: (908) 605-2916
                                   John.orzel@kennedyslaw.com